**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**PADUCAH DIVISION**
**CIVIL ACTION NO. 5:14-CV-00192-GNS-LLK**

KENDRICK D. CHERRY                                                    PETITIONER

v.

AARON SMITH, Warden                                                   RESPONDENT

**MEMORANDUM OPINION AND ORDER APPOINTING COUNSEL**
**TO ASSIST PETITIONER IN DEVELOPING THE EVIDENCE**
**AND DETERMINING WHETHER AN EVIDENTIARY HEARING IS WARRANTED**

Pending before the Court is Petitioner's pro-se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, to which Respondent has filed an answer, and Petitioner has replied. Docket Numbers (DN) 1, 13, and 16. The Court referred this matter to the undersigned Magistrate Judge for rulings on all non-dispositive motions; for appropriate hearings, if necessary; and for findings of fact and recommendations on any dispositive matter. DN 8.

For the reasons below, the Court will appoint counsel to represent Petitioner in developing the evidence and determining whether an evidentiary hearing is warranted on the issue of whether Petitioner can demonstrate the required extraordinary circumstances triggering application of the doctrine of equitable tolling. Additionally, upon resolution of the equitable tolling issue, the Court may direct counsel to assist Petitioner in arguing the underlying merits of the petition.[1]

**Evidence Bearing on the Question of Equitable Tolling**

Petitioner admits that he filed his petition outside the 1-year period of limitation established by 28 U.S.C. § 2244(d) but claims that he is entitled to equitable tolling due to his mental impairment and being cut off from communications with the outside world while in the prison psychiatric ward.

---

[1] See *Cherry v. Commonwealth*, 2005 WL 3131611 (Kentucky Supreme Court justices divided on the question of whether the Confrontation Clause requires that jury be informed that chief prosecution witness is facing felony charges).

Approximately 5 months of Petitioner's 1-year period remained in February, 2012, at the conclusion of exhaustion of state-court remedies, when the Kentucky Court of Appeals denied Petitioner's motion to alter, amend, or vacate pursuant to Kentucky Rules of Criminal Procedure (RCr) 11.42.  Petitioner did not file the petition until October, 2014 – over 2 years late.[2]

According to Petitioner:

The attached [prison] mental health records confirm Petitioner's mental health deterioration was confirmed on 12/18/2007, with symptoms of paranoid schizophrenia, intellectual deterioration, social isolation, delusions, and auditory hallucinations.
(DN 16, p. 6 referring to records at DN 16-1, pp. 20-29).

During this 2012 period [after the state court's ruling on his 11.42] to present, petitioner was placed on many one on one watches to be observed 24 hours a days.  ...  Finally, at the end of June 2014 petitioner's mental illness began to subside with the help of proper medications and the Psychiatric Staff, to the point petitioner could communicate with the assigned legal aide to the CPTU [Corrections Psychiatric Treatment Unit].   (DN 1, p. 11).

A petitioner's mental incompetence, which prevents timely filing, is an extraordinary circumstance that may equitably toll the 1-year statute of limitations.  To obtain equitable tolling on the basis of mental incompetence, a petitioner must demonstrate that (1) he is mentally incompetent and (2) his mental incompetence caused his failure to comply with the statute of limitations. *Ata v. Scutt*, 662 F.3d 736, 742 (6th Cir.2011).

An evidentiary hearing is required when sufficiently specific allegations would entitle the petitioner to equitable tolling.  Id. at 743.  It is within the Court's sound discretion whether or not to hold a hearing.  Id. at n.6.

As in *Ata*, it is unclear that Petitioner will meet his burden to demonstrate his entitlement to equitable tolling or whether he will prevail on the merits.  His pro-se petition makes bare allegations

---

[2] Petitioner's 1-year period commenced in or around May, 2006, 90 days after he could have filed a petition for writ of certiorari following affirmance of his convictions upon direct appeal.  See *Cherry v. Commonwealth*, Ky., 2005 WL 3131611.  In December, 2006, upon filing his 11.42 motion, the 1-year period was tolled, with approximately 7 months having expired and  5 months remaining.  DN 16-1, p. 14.  Tolling ceased in February, 2012, upon affirmance of denial of 11.42 motion.  *Cherry v. Commonwealth*, Ky.App., 2012 WL 512399.  Petitioner's 12 months expired in or around July, 2012.

that, upon further development, may justify an evidentiary hearing.  See also *Carneal v. Donahue*, No. 5:09-CV-32-R, 2010 WL 816791, at *2 (W.D.Ky.) (evidentiary hearing warranted as "Carneal has presented at least a colorable argument that equitable tolling [] applies in this case based on his alleged mental incompetency") and *Scott v. Pancake*, No. 5:08-CV-51-R, DN 43, p. 4 (evidentiary hearing granted on issue of "Scott's mental condition after he was incarcerated and how it affected his ability to timely file a habeas petition").

### The interests of justice require appointment of counsel.

Rule 6 of the Rules Governing Section 2254 Cases in the United States District Courts provides that:  "If necessary for effective discovery, the judge must appoint an attorney for a petitioner who qualifies to have counsel appointed under 18 U.S.C. § 3006A."

Rule 8(c) makes appointment of counsel under 28 U.S.C. § 3006A mandatory when an evidentiary hearing is warranted.[3]

Additionally, 28 U.S.C. § 3006A(a)(2)(B) provides for appointment of counsel for any financially eligible person seeking relief under Section 2254 "[w]henever the United States magistrate judge or the court determines that the interests of justice so require."

The interests of justice require appointment of counsel in this case.

---

[3]  Rule 8(c) provides that:  "If an evidentiary hearing is warranted, the judge must appoint an attorney to represent a petitioner who qualifies to have counsel appointed under 18 U.S.C. § 3006A.  The judge must conduct the hearing as soon as practicable after giving the attorneys adequate time to investigate and prepare.  These rules do not limit the appointment of counsel under § 3006A at any stage of the proceeding."

**Order**

Accordingly, it is hereby ORDERED:

1.   The Clerk of Court shall appoint Patrick Renn to represent Petitioner under the Criminal Justice Act.

2.   Counsel shall represent Petitioner in matters related to the issue of whether Petitioner can demonstrate the required extraordinary circumstances to warrant application of the doctrine of equitable tolling.   Additionally, upon resolution of the equitable tolling issue, the Court may direct counsel to assist Petitioner in arguing the underlying merits of the petition.

3.   The parties shall jointly provide all prison medical and psychiatric records to the Court within 21 days under seal.  The Clerk shall provide a copy to each counsel.

4.   If Petitioner determines that an evidentiary hearing is warranted, he shall file a motion to that effect supported by the evidence and a memorandum of law.

5.   Respondent may respond to any such motion and Petition may reply pursuant to local rules.

c:  pro-se

4