UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CIVIL ACTION NO. 5:14-CV-00192-GNS-LLK

KENDRICK D. CHERRY                                                                                    PETITIONER

v.

AARON SMITH                                                                                            RESPONDENT

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Magistrate Judge King's Findings of Fact, Conclusions of Law, and Recommendation (DN 33) ("R&R"), and Petitioner's Objections (34). For the following reasons, the Court **ADOPTS** Magistrate Judge King's R&R, **OVERRULES** Petitioner's Objections, and **DENIES** the Petition for Habeas Corpus Relief (DN 1).

### I.     BACKGROUND

On November 20, 2003, a Graves Circuit Court jury found Kendrick D. Cherry ("Cherry") guilty of the crime of murder and tampering with physical evidence in Criminal Action No. 01-CR-00323. *See Cherry v. Commonwealth*, No. 2004-SC-000143-MR, 2005 WL 3131611, at *1 (Ky. Nov. 23, 2005). Cherry received a sentence of life and five years' imprisonment for murder and tampering with physical evidence, respectively. *See id.* at *1. On November 23, 2005, the Kentucky Supreme Court upheld the conviction in his direct appeal. *See id.* at *4. Cherry's petition for rehearing was subsequently denied. *See id.* at *1.

On December 22, 2006, Cherry sought relief from his conviction pursuant to Kentucky Rule of Criminal Procedure ("RCr") 11.42. *See Cherry v. Commonwealth*, No. 2008-CA-001363-MR, 2012 WL 512399, at *1 (Ky. App. Feb. 17, 2012). In that motion, Cherry asserted claims of ineffective assistance of counsel and the denial of an impartial jury. *See id.* After Cherry was appointed counsel to assist with his RCr 11.42 motion, counsel supplemented the motion with additional arguments. *See id.* The Graves Circuit Court denied the motion. *See id.* at *2. On appeal, the Kentucky Court of Appeals affirmed the order denying the motion. *See id.* at *3. The Kentucky Supreme Court subsequently denied discretionary review. *See id.* at *1.

On October 14, 2014, Cherry filed the present Petition in this Court. (Pet. for Writ of Habeas Corpus, DN 1). On March 10, 2015, Respondent filed his response and asserted various defenses including, *inter alia*, that Cherry's claims were barred by the statute of limitations. (Resp't's Resp. 8-11, DN 13).

On June 18, 2015, the Court appointed counsel for Cherry and directed his counsel to supplement the record regarding evidence to support the doctrine of equitable tolling in light of the apparent running of the applicable statute of limitations. (Mem. Op. & Order 1-4, DN 17). On January 14, 2016, Cherry's counsel supplemented the evidentiary record and moved for an evidentiary hearing. (Pet'r's Mot. for Hr'g, DN 25; Pet'r's Notice of Filing of Restricted Exs., DN 26).

On April 21, 2016, the Magistrate Judge filed the R&R recommending denial of Petition and the motion for an evidentiary hearing. (R. & R. 16, DN 33). The Magistrate Judge, however, recommended that a certificate of appealability be issued as to the denial of

the evidentiary hearing. (R. & R. 6). Cherry timely filed his objections. (Pet'r's Objs., DN 34). This matter is thus ripe for adjudication.

## II.    JURISDICTION

This Court has jurisdiction to "entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court" pursuant to 28 U.S.C. § 2254.

## III.    STANDARD OF REVIEW

In general, this Court conducts a *de novo* review of the portions of a United States magistrate judge's report and recommendation to which a party objects. *See* 28 U.S.C. § 636(b)(1). In conducting its review, this Court "may accept, reject, or modify, in whole or in part, the findings or recommendations [of] . . . the magistrate judge." *Id.*

The Anti-Terrorism and Effective Death Penalty Act ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214 (1996), applies to all habeas corpus petitions filed after April 24, 1996, and requires "heightened respect" for legal and factual determinations made by state courts. *See Herbert v. Billy*, 160 F.3d 1131, 1134 (6th Cir. 1998). Section 2254(d), as amended by AEDPA, provides:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim—
>     (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>     (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). This is a "difficult to meet and highly deferential standard . . . ." *Cullen v. Pinholster*, 131 S. Ct. 1388, 1399 (2011) (citation omitted) (internal quotation marks

3

omitted). All findings of fact by the state court are presumed to be correct and can be rebutted only by "clear and convincing evidence." *Mitchell v. Mason*, 325 F.3d 732, 737-38 (6th Cir. 2003) (citing 28 U.S.C. § 2254(e)(1)). Legal conclusions made by state courts are also given substantial deference under AEDPA. The Supreme Court has recently reiterated that "a federal habeas court may overturn a state court's application of federal law only if it is so erroneous that there is no possibility fairminded jurists could disagree that the state court's decision conflicts with this Court's precedents." *Nevada v. Jackson*, 133 S. Ct. 1990, 1992 (2013) (per curiam) (quoting *Harrington v. Richter*, 131 S. Ct. 770, 786 (2011)) (internal quotation marks omitted).

## IV.  DISCUSSION

### A.  Statute of Limitations

"A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2244(d)(1). With respect to this case, the statute began running on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review . . . ." *Id.* § 2244(d)(1)(A). The limitations period, however, was tolled during any time period in "which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending . . . ." *Id.* § 2244(d)(2). The statute of limitations is also subject to equitable tolling "in appropriate cases." *Holland v. Florida*, 560 U.S. 631, 645 (2010).

In the R&R, the Magistrate Judge created a timeline of consecutive periods from the denial of Cherry's direct appeal to determine whether the one-year period of limitations for habeas corpus had run: (i) from the conclusion of the direct appeal to the initiation of

4

Cherry's RCr 11.42 motion (May 24, 2006, to December 22, 2006 – 212 days ran); (ii) the pendency during which the RCr 11.42 motion was under consideration (December 22, 2006, to March 19, 2012 – time tolled); (iii) from the conclusion of the RCr 11.42 motion until the expiration of the one-year period of limitations (March 19, 2012, to August 20, 2012 – 154 days ran); (iv) from the expiration of the period of limitations to Cherry's alleged mental breakdown (August 20, 2012, to November 19, 2013 – 456 days after the expiration the statute of limitations); and (v) from Cherry's alleged mental breakdown to the filing of the Petition in this action (November 19, 2013, to October 14, 2014 – an additional 329 days after the expiration of the statute of limitations). As accurately reflected in the R&R, the statute of limitations began running ninety days after the Kentucky Supreme Court denied Cherry's petition for rehearing on his direct appeal, was tolled during the pendency of his RCr 11.42 motion and the related appeal, and ultimately expired on August 20, 2012. (R. & R. 3-5). As a result, the Petition was untimely when filed on October 14, 2014, was 785 days beyond the statute of limitations.

The Supreme Court has held that the one-year statute of limitations "is subject to equitable tolling in appropriate circumstances." *Holland v. Florida*, 560 U.S. 631, 645 (2010) (citations omitted). "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005) (citation omitted).

As a sister court has noted when a claim of equitable tolling is asserted based upon mental disease or defect:

> [A] habeas petitioner has the burden of showing that mental health problems rendered him or her unable to file a habeas petition during the one year

> limitations period. Equitable tolling based on mental incapacity is limited to "exceptional circumstances." The general federal rule is that a statute of limitations is tolled by reason of mental illness "only if the illness in fact prevents the sufferer from managing his affairs and thus from understanding his legal rights and acting upon them."

*Brown v. McKee*, 232 F. Supp. 2d 761, 768 (E.D. Mich. 2002) (internal citations omitted) (citation omitted). *See also Miller v. Runyon*, 77 F.3d 189, 191 (7th Cir. 1996) ("[M]ental illness tolls a statute of limitations only if the illness *in fact* prevents the sufferer from managing his affairs and thus from understanding his legal rights and acting upon them." (citations omitted)); *Nara v. Frank*, 264 F.3d 310, 320 (3d Cir. 2001), *overruled on other grounds by Jenkins v. Superintendent of Laurel Highlands*, 705 F.3d 80 (3d Cir. 2013) ("[M]ental incompetence is not a *per se* reason to toll a statute of limitations." (citation omitted)). Courts are only to apply this doctrine sparingly. *See Robertson v. Simpson*, 624 F.3d 781, 784 (6th Cir. 2010) (citation omitted).

Based upon the Court's review of the record and as reflected in the R&R, Cherry has failed to meet his burden to prove either element of the equitable tolling defense. As noted above, the statute of limitations ran on August 20, 2012. The R&R correctly notes that there was insufficient evidence to provide a legal or factual basis to apply equitable tolling during any of the time periods in which the statute of limitations would have been running under 28 U.S.C. § 2244.

Likewise, the Magistrate Judge correctly rejected any allegation of delayed notification at the end of the collateral review. (R. & R. 11-12). As appropriately noted, even if Cherry were given some benefit of the doubt, that time period had still run long before he suffered a breakdown. (R. & R. 12). Accordingly, Cherry's Petition is barred by the one-year statute of limitations.

### B. <u>Evidentiary Hearing</u>

The Court also adopts the Magistrate Judge's recommendation that the Motion for Evidentiary Hearing be denied. As the Sixth Circuit has noted:

> In evaluating a request for an evidentiary hearing, district courts must "determine if the factual allegations are sufficient to support equitable tolling and [must] review the state court record in order to establish whether petitioner's assertions are refuted by the record or otherwise without merit." A petitioner is entitled to an evidentiary hearing if the "allegations, accepted as true, show that he is mentally incompetent and that his mental incompetence prevented him from timely filing his petition."

*Kitchen v. Bauman*, 629 F. App'x 743, 749 (6th Cir. 2015) (alteration in original) (internal citation omitted) (citing *Ata v. Scutt*, 662 F.3d 736, 743 (6th Cir. 2011)).

In this case, the Court previously requested that Petitioner supplement the record with evidence to support the applicability of equitable tolling. In the R&R, the Magistrate Judge discussed the review of that evidence and stated:

> Petitioner characterized the period of January, 2014 through June, 2014 as culminating in his "ultimate breakdown," from which he slowly emerged to file his petition in October, 2014. DN 25, p. 13.
>
> It is now apparent that the period of mental breakdown and isolation from the general prison population to which Petitioner alluded occurred primarily in 2014 and not continuously beginning in 2012.
>
> The Court fully accepts Petitioner's allegations pertaining to this period and has already found that the evidence plausibly shows that he was mentally or circumstantially unable to file his petition between November 19, 2013 and October, 2014. This does not, however, change the ultimate finding that mental impairment did not excuse the late filing.

(R. & R. 14). The Court agrees that the evidence does not warrant an evidentiary hearing and will deny the motion. Given that the statute of limitations ran in August 2012, any breakdown which occurred in November 2013 or January 2014 could not have impacted a deadline which had long-since expired.

7

### C.     Certificate of Appealability

The Magistrate Judge recommended that a certificate of appealability not be issued as to Cherry's request for an evidentiary hearing. Absent such a certificate, Cherry may not appeal this Court's decision to the Sixth Circuit. *See* 28 U.S.C. § 2253(c)(1)(A). "A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." *Id.* § 2253(c)(2).

When a petition is denied on procedural grounds without consideration of the merits, a certificate of appealability should issue if the petitioner shows "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). As the Supreme Court has noted:

> Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further. In such a circumstance, no appeal would be warranted.

*Id.*

In light of the evidence in the record, however, this Court does not believe that a reasonable jurist could conclude that Cherry's entitlement to an evidentiary hearing would be debateable. Accordingly, the Court concludes that no certificate of appealability should issue.

### V.     CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** as follows:

1.     Petitioner's Objections to the Magistrate Judge's Findings of Fact, Conclusions of Law, and Recommendation (DN 34) are **OVERRULED**;

2. The Magistrate Judge's Findings of Fact, Conclusions of Law and Recommendation (DN 33) is **ADOPTED** as and for the opinion of this Court;

3. Petitioner's Petition for Habeas Relief (DN 1) is **DISMISSED** as untimely; and

4. The issuance of a certificate of appealability pursuant to 28 U.S.C. § 2253(c) and Fed. R. App. P. 22(b) is **DENIED**.

**Greg N. Stivers, Judge**
**United States District Court**

July 7, 2016

cc: counsel of record

9